Dykman, J.
This is an appeal from a judgment entered upon the decision of a justice of this court after a trial before him without a jury.
"We concur in the views of the trial judge and agree to affirm the judgment upon his opinion.
The opinion of Mr. Justice Brown in the court below is as follows:
Brown, J.
This case cannot be distinguished either in' fhfe character of the contract sued upon or in the cause of action set forth in the complaint from the case of St. Louis R. R. Co. v. Terre Haute R. R. Co., 145 U. S. Rep., 393, 402; The Central Transportation Co. v. Pulman Palace Car Co., 139 U. S. Rep., 24; Pennsylania R. R. v. St. Louis, etc., R. R., 118 U. S., 317; Thomas v. Railroad Co., 101 U. S., 71, and many others decided in the United States supreme court. The decision in these cases rested largely upon the fact that the contracting corporations w ere of a guasi public character, and “ exercised a public employment and were charged with the duty of accommodating the public in the line of *427 that employment,” and in this respect, in their ability to contract for the disposal of their property, they were distinguished from a private business corporation. It would be impossible, I think, to make any distinction in this respect between a transportation company and a gas company. Each in respect to its business is charged with the duty of accommodating the public and is subject to legislative control. The gas company may be, and usually is, required to furnish gas to any applicant within a reasonable distance of its distributing mains. Its meters and the price of its gas are subject to public inspection and legislative regulation. It may be given the power to exercise the right of eminent domian, and the discharge of its duties to the public and individuals may be compelled by mandamus. In reference to the public character of a gas company the Supreme court of the United States has said: “ The manufacture of gas, and its distribution for public and private use by means of pipes laid, under legislative authority, in the streets and ways of a city, .is not an ordinary business, in which any one may engage, but it is a franchise belonging to the government, to be granted for the accomplishment of public objects to whomsoever, and upon what terms, it pleases. It is a business of a public nature, ana meets a public necessity for which the state may make provision. "x" * * New Orleans Gas Co. v. Louisiana Light Co., 115 U. S., 650.
The plaintiff in this case had specific authority to lay gas pipes in any of the public streets or highways in the city of Bath upon obtaining consent of the authorities of said city, and to re-lay and repair the same, and its business was made subject, in the act of March 30, 1853, to many conditions imposed for the benefit and accommodation of the public. And, while it is true, as claimed by the learned counsel for the plaintiff, that the defendant had an equal right to occupy the streets, and did not, so far as appears in evidence, acquire any right of a public nature from the lease that it did not possess under its articles of incorporation and the general laws of the state, the • case is not different in this respect from Central Transportation Co. v. Pulman Palace Car Co. In that case the defendant acquired and possessed, under its charter, powers and franchises as broad as those of the other contracting party, and, in substance, the contract gave it only the property conveyed, and the covenant of the plaintiff not to engage in business during the term of the contract. So here there is a lease of all the tangible property, and the conveyance of the use of the pipes and mains in the streets, and the agreement is, in substance, that plaintiff will not exercise its franchise during the existence of the lease. In my opinion, therefore, it was not within the power of the- plaintiff to execute the lease in question. It does not, however, follow that there can be no recovery in the case of a contract ultra vires which has been partly performed. All the authorities concede that, although all do not agree as to the form in which the recovery may be had. In the case last cited the action was upon the contract, and the complaint was dismissed. It appears to be conceded that the .defendant was under some liability to pay for the use of the property prior to its return to *428 the plaintiff, and the intimation was, as it was in Penn. R. R. v. St. Louis R. R., supra, that it was in the nature of a meruit, and 1 not by an action on the contract. In this state the rule appears to be different. Woodruff v. Erie R. Co., 93 N. Y., 609; Rider Life Raft Co. v. Roach, 97 id., 378; Starin v. Edson, 112 id., 206 ; 20 St. Rep., 898 ; Mayor v. Huntington, 114 N. Y., 631; 23 St. Rep., 912 ; City of Brooklyn v. Balcom, 134 N. Y., 532 ; 47 St. Rep., 907. How far the final disposition of the action may be dependent upon the form of pleading, we need not inquire, but certainly when in our own state the distinction between forms of action are abolished, and when all the facts essential to a right to recover for the use and occupation of the property are alleged in the complaint, no reason is apparent why judgment should not be awarded according to the right and justice of the case made upon the trial. Assuming, therefore, that the contract was void, which need not necessarily be determined, I regard it of no importance whatever whether the plaintiff was to recover in his complaint upon the contract, or in disaffirmance of it. The only difference is between an express or implied agreement, and the nature of the cause of action in each case is the same, and the agreement is some evidence of the value of the use. All the cases cited from the court of appeals were, however, upon the contract, and recovery was had in all upon the ground that to decide otherwise would be to accomplish k wrong, and not promote justice. And especially would this be the case when neither the people of the state in which the corporation was created, nor any stockholder of the plaintiff corporation, has complained or objected to the contract I am constrained to follow, therefore, the law of our state upon the question, in the absence of any controlling authority in the state of Maine showing that the courts of that state have adopted the rule prevailing in the United States courts. None of the cases cited by the learned counsel for the defendant so hold. Bangor Boom Co. v. Whiting, 29 Me., 125, was an action in assumpsit. No specific agreement was alleged, and the only question raised was as to the right to amend the complaint, which had been granted on the trial. In Andrews v. The Union Fire Ins. Co., 37 Me., 256, there was an attempt to recover, under an ordinary policy against fire, for damages by lightning. The policy by its terms did not insure against damage by lightning unless it caused fire; it was attempted to enlarge the policy by reference to the by-laws of the company; this was overruled, and no other question was involved.. There is nothing in Cuming v. Webster, 43 Me., 192, applicable to this case. In Daly v. Trustees, 71 Me., 472, the defendant constituted a quasi corporation for a single purpose of holding and transferring title to property, and without'tbe power to contract or incur debts, and the decision went upon that ground. Franklin Co. v. Lewiston Ins. Co., is probably not cited correctly, and I have been unable to find it. None of these cases conflict with the rule that recovery may be had on an executed contract, although ultra vires. In this case the plaintiff seeks to recover the rent to the date of the removal of the defendant corporation *429 from the property, and under the rule of Woodruff v. Erie R. R. Co., and kindred cases in this state, it is entitled to recover judgment.